1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | THOMAS EUGENE GRAY,

)   Case No.: 1:21-cv-00595-DAD-JLT (HC)

)

12 |   Petitioner,

)   FINDINGS AND RECOMMENDATIONS TO

)   GRANT RESPONDENT'S MOTION TO DISMISS

13 |   v.

)

14 | RAYBON JOHNSON, Warden,

)   (Doc. 13)

)

15 |   Respondent.

)   [TWENTY-ONE DAY OBJECTION DEADLINE]

)

16

)

17        On April 8, 2021, Petitioner filed the instant federal petition for writ of habeas corpus (Doc. 1)

18  and filed a first amended petition on May 3, 2021 (Doc. 8).  The Respondent has moved the Court to

19  dismiss the action as untimely and for failure to state a cognizable federal claim.  (Doc. 13.)  The

20  Court recommends that the motion to dismiss be **GRANTED** and the petition be **DISMISSED**.

21                                      **DISCUSSION**

22  I.       Procedural Grounds for Motion to Dismiss

23        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

24  if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

25  relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Rules

26  Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those

27  brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254

28  Cases.  Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . .

1

1  to the extent that the practice in those proceedings is not specified in a federal statute, the Rules

2  Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously

3  conformed to the practice in civil actions." Fed. R. Civ. P 81(a)(4).

4        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

5  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

6  procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

7  evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

8  599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

9  procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus,

10  a respondent can file a motion to dismiss after the Court orders a response, and the Court should use

11  Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

12        Respondent's motion to dismiss asserts that the petition is untimely and fails to state a

13  cognizable federal claim.  Because Respondent's motion to dismiss is similar in procedural standing to

14  a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will

15  review Respondent's motion to dismiss pursuant to its authority under Rule 4.

16  II.     Untimely

17        A.    Limitation Period for Filing Petition for Writ of Habeas Corpus

18        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

19  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

20  filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114

21  F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was

22  filed on April 8, 2021, and thus, it is subject to the provisions of the AEDPA.

23        The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

24  petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation period begins

25  running on the date that the petitioner's direct review became final.  In this case, the state Supreme

26  Court denied review on March 9, 2016. (LD 15-3.)[1] Therefore, Petitioner's conviction became final

27

28

---

[1] "LD" refers to the documents lodged by Respondent with the motion to dismiss.

1   when the ninety-day time period for filing a petition for writ of certiorari expired, on June 7, 2016.

2   (Doc. 13 at 4.) The one-year statute of limitations commenced on the following day on June 8, 2016.

3   Absent applicable tolling, the last day to file a federal habeas petition was on June 7, 2017.

4         B.      Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

5         Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

6   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

7   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

8   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

9   U.S. 4, 8 (2000).  An application is pending during the time that "a California petitioner completes a

10  full round of [state] collateral review," so long as there is no unreasonable delay in the intervals

11  between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez,

12  340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548

13  F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v.

14  Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

15        Petitioner filed nine habeas petitions in the state courts as follows:

16  First Petition:

17  April 26, 2016: Petition filed in the Tulare County Superior Court (LD 15-4).

18  April 28, 2016: Petition denied (LD 15-5).

19  Second Petition:

20  July 14, 2016: Petition filed in the Tulare County Superior Court (LD 15-6).

21  July 28, 2016: Petition denied (LD 15-7).

22  Third Petition:

23  July 17, 2017: Petition filed in the Tulare County Superior Court (LD 15-8, LD 15-9).

24  August 2, 2017: Petition denied (LD 15-10).

25  Fourth Petition:

26  February 26, 2019: Petition filed in the Tulare County Superior Court (LD 15-11).

27  February 7, 2020: Petition denied (LD 15-12).

28  ///

Fifth Petition:

May 4, 2020: Petition filed in the California Court of Appeal (LD 15-13).

May 21, 2020: Petition denied (LD 15-14).

Sixth Petition:

July 20, 2020: Petition filed in the California Court of Appeal (LD 15-15).

July 30, 2020: Petition denied (LD 15-16).

Seventh Petition:

August 1, 2020: Petition filed in the Tulare County Superior Court (LD 15-17).

October 16, 2020: Petition denied (LD 15-18).

Eighth Petition:

August 1, 2020: Petition filed in the California Court of Appeal (LD 15-19).

September 24, 2020: Petition denied (LD 15-20).

Ninth Petition:

November 3, 2020: Petition filed in the California Supreme Court (LD 15-21).

January 20, 2021: Petition denied (LD 15-22).

Respondent alleges that Petitioner did not properly file any state post-conviction collateral actions challenging the pertinent judgment within the one-year limitation period. (Doc. 13 at 4.) The first state petition was filed and decided before the limitation period commenced. The petition was denied on April 28, 2016 (LD 15-5), over one month before the June 8, 2016 commencement of the limitation period. As Respondent asserts, a collateral action filed prior to the effective date of the statute of limitations has no tolling consequence. (Doc. 13 at 4-5, citing Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).) Accordingly, the first state petition did not toll the statute of limitations.

The second state petition was filed on July 14, 2016 (LD 15-6) and denied on July 28, 2016 (LD 15-7). As Respondent alleges, this petition was improperly filed and, thus, did not toll the limitation period. (Doc. 13 at 5.) The state superior court denied the second petition with a citation to In re Clark, 5 Cal.4th 750 (1993), stating that the court will not consider a successive petition that realleges claims that previously have been rejected. (LD 15-7.) As such, the second state petition was not properly filed and did not toll the limitation period. (Doc. 13 at 5, citing Pace v. DiGulielmo, 544

4

1    U.S. 408, 414 (2005).)

2         Petitioner's third through ninth state petitions also did not toll the limitation period. (LD 15-8 –

3    15-22.) The earliest of these petitions was not filed until July 17, 2017 (LD 15-8, LD 15-9)[2], one

4    month after the June 7, 2017 expiration of the limitation period. Consequently, the third through ninth

5    state petitions cannot serve to extend the limitation period. (Doc. 13 at 5, citing Ferguson v. Palmateer,

6    321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).)

7         C.    Equitable Tolling

8         The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

9    tolling in appropriate cases.  See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v.

10   United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  Equitable tolling may be granted when

11   "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on

12   time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and

13   citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the

14   failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles

15   v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears

16   the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

17   some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 655; Pace v. DiGuglielmo,

18   544 U.S. 408, 418 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is

19   very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir.

20   2002) (citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles,

21   187 F. 3d at 1107.

22         Petitioner makes no claim to entitlement of equitable tolling.  Petitioner must demonstrate

23

24   _____

25   [2] The third state petition is considered filed on July 17, 2017, the date it was file-stamped by the Tulare County Superior Court. (See LD 15-8.) The third state petition was initially mailed to and filed in the Kings County Superior Court (LD 15-8); however, the Kings County Superior Court determined that Petitioner was challenging his Tulare County Superior Court judgment and ordered that the petition be transferred there (LD 15-9). The petition was transferred to Tulare County Superior Court on June 12, 2017 and was filed there on July 17, 2017. (LD 15-8, 15-9.) Accordingly, the petition was not properly filed until it was filed by the Tulare County Superior Court on July 17, 2017. See, e.g., Johnson v. Swarthout, 2012 WL 2571209, *3 (E.D. Cal. 2012) (holding that petition filed in error in the Kings County Superior Court and then transferred to the Marin County Superior Court which had jurisdiction was properly filed on the date it was filed by the Marin County Superior Court).

1   diligence throughout the limitations period.  Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005).  He

2   fails to do so.  He fails to demonstrate any extraordinary circumstance stood in his way of timely filing

3   his federal petition, and he fails to show that he acted diligently.  He should not be granted equitable

4   tolling.

5   III.      Failure to State a Cognizable Federal Claim

6          Petitioner argues that the state superior court imposed an unauthorized enhancement. (See Doc.

7   8.) He claims the enhancement was based on a judgment entered pursuant to a plea agreement in

8   which Petitioner was advised that the judgment would not qualify as a strike in the future. (See id.)

9   The relief Petitioner seeks, is not available. Respondent correctly asserts that Petitioner fails to present

10  a federal claim, since Petitioner is challenging the application and interpretation of state law. (Doc. 13

11  at 6.) It is well-settled that federal habeas relief is not available to state prisoners challenging state law.

12  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus

13  relief does not lie for errors of state law"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997)

14  ("alleged errors in the application of state law are not cognizable in federal habeas corpus"

15  proceedings). The state trial court imposed a sentence enhancement, and the sentence has been

16  repeatedly upheld by the state courts during direct and post-conviction collateral review. (LD 15-2 –

17  15-22.) Petitioner's challenge does not give rise to a federal question cognizable on federal habeas

18  review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's

19  interpretation of state law . . . binds a federal court sitting in habeas corpus").

**RECOMMENDATION**

21          Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the

22  habeas corpus petition be DISMISSED.

23          This Findings and Recommendation is submitted to the United States District Court Judge

24  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

25  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

26  twenty-one days after being served with a copy, any party may file written objections with the Court

27  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

28  Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten

1   court days after service of the objections.  The Court will then review the Magistrate Judge's ruling

2   pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

3   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

4   1153 (9th Cir. 1991).

5

6   IT IS SO ORDERED.

7        Dated:    **August 15, 2021**                              _ **/s/ Jennifer L. Thurston**
8                                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28